**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ARNIE GELLER, DR. HONGJIN SUI, DALIAN HOFFEN BIO-TECHNIQUE CO., LTD., and DALIAN MEDICAL UNIVERSITY PLASTINATION CO., LTD.,

Plaintiffs,

v. CASE NO.: 08:10-cv-01688-EAK-AEP

GUNTHER VON HAGENS, PLASTINATION COMPANY, INC., and INSTITUTE FOR PLASTINATION,

Defendants.

_________________________________________/

**PLAINTIFFS' MOTION TO STRIKE DEFENDANT PLASTINATION COMPANY, INC.'S AFFIRMATIVE DEFENSES, AND MOTION FOR MORE DEFINITE STATEMENT, AND SUPPORTING MEMORANDUM OF LAW**

Plaintiffs, Arnie Geller, Dr. Hongjin Sui, Dalian Hoffen Bio-Technique Co. Ltd. and Dalian Medical University Plastination Co., Ltd. (collectively, "Plaintiffs"), by counsel and pursuant to Federal Rules of Civil Procedure 12(e) and (f), move this court to strike defendant Plastination Company, Inc.'s ("Plastination") affirmative defenses [Dkt. 54], or alternatively treat the defenses as denials, and for a more definite statement, and in support state as follows:

1. Affirmative defense numbers 1, 3-5, 10, 11, and 18-31 are mere denials of the claims in the complaint, or the elements of the claims, and not affirmative defenses. As a result, those purported affirmative defenses should be stricken or, alternatively, treated as denials and not defenses.

2. Affirmative defense number 32, 33 and 35 are legally insufficient because they fail to allege any supporting facts. Since those purported affirmative defenses merely consist of

bare-bones, conclusory allegations, those defenses should be stricken or, alternatively, Plaintiffs should be ordered to provide a more definite statement.

**MEMORANDUM OF LAW**

Rule 12(f) provides that the court may strike from a pleading an insufficient defense. An affirmative defense is insufficient if it does not comply with the pleading requirements of Rule 8. See Premium Leisure, LLC v. Gulf Coast Spa Manufacturers, Inc., 2008 WL 3927265, at *4 (M.D. Fla. Aug. 21, 2008). If an affirmative defense consists of nothing more than bare-bones allegations, it must be stricken. Id. In addition, if an affirmative defense is a mere denial of the allegations or elements of a claim, it should be stricken or, alternatively, treated as a denial, not an affirmative defense. See id. at *3; Rosada v. John Wieland Homes and Neighborhoods, Inc., 2010 WL 1249841, at *1-2 (M.D. Fla. 2010); Sachi v. Labor Ready Southeast, Inc., 2010 WL 3259916, at *3 (S.D. Fla. 2010).

Furthermore, "by its very definition, an affirmative defense is established only when the defendant admits facts contained in the complaint, but sets up other facts in justification or avoidance…Therefore, an affirmative defense which merely points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense at all." Boldstar Technical, LLC v. Home Depot, Inc., 517 F.Supp.2d 1283 (S.D. Fla. 2007).

Rule 12(e) provides that a more definite statement is ordered if the pleading is vague and ambiguous. See Tara Productions, Inc. v. Hollywood Gadgets, Inc., 2009 WL 4800542, at *2 (S.D. Fla. 2009) (defendant's "Affirmative Defenses are vague and do not provide Plaintiff with sufficient information upon which to prepare a response").

As explained below, many of the purported defenses simply deny the allegations, or point out a lack of evidence, or do not provide Plaintiffs with fair notice of the nature of the defense

and the grounds upon which they rest.

**A. The Defenses Should Be Stricken Or, Alternatively, Treated As Denials**

Affirmative defense numbers 1, 3-5, 10, 11, and 18-31 are mere denials, not affirmative defenses.

The 1st affirmative defense states that the complaint "is barred because it fails to state a claim upon which relief may be granted." This is a denial of Plaintiffs' claims rather than an affirmative defense. See Premium, 2008 WL 3927265, at *3; Rosada v. John Wieland Homes and Neighborhoods, Inc., 2010 WL 1249841, at *1-2 (M.D. Fla. 2010). Therefore, this defense should be stricken or, alternatively, treated as a denial, not an affirmative defense. See id.; Sachi v. Labor Ready Southeast, Inc., 2010 WL 3259916, at *3 (S.D. Fla. 2010).

The 3rd and 4th affirmative defenses deny that the statements alleged to have been made in the complaint are "of and concerning" Plaintiffs. The 5th, 10th and 11th affirmative defenses deny that the statements made were (a) "false or defamatory," or (b) made with malice, and Plaintiffs cannot "sustain their burden or proving any statements attributable to Plastination are false." These defenses relate to Plaintiffs' defamation claim, and Plastination is merely denying the existence of the elements for defamation, or denying Plaintiffs' ability to prove the same. See Bassler v. George Weston Bakeries Distribution, Inc., 2008 WL 4724434, *3 (M.D. Fla. 2008). Since these are mere denials, and not affirmative defenses, they should be stricken or, alternatively, treated as denials, not affirmative defenses. See Premium, 2008 WL 3927265, at *3; Rosada, 2010 WL 1249841, at *1-2; Sachi, 2010 WL 3259916, at *3.

Affirmative defense numbers 18-29 all address Plaintiffs' claim for tortious interference. Each of these defenses merely denies the elements for the claim. See Boldstar, 517 F.Supp.2d at 1287. Since these are mere denials, and not affirmative defenses, they should be stricken or,

alternatively, treated as denials, not affirmative defenses. See Premium, 2008 WL 3927265, at *3; Rosada, 2010 WL 1249841, at *1-2; Sachi, 2010 WL 3259916, at *3.

Similarly, affirmative defense number 30 states that Plastination is not "vicariously liable for the acts of Dr. von Hagens," and number 31 states that "Plaintiffs have not suffered any damage proximately caused by Plastination." Again, these are denials of Plaintiffs' claims rather than affirmative defenses. See Premium, 2008 WL 3927265, at *3; Rosada, 2010 WL 1249841, at *1-2. Therefore, these defenses should be stricken or, alternatively, treated as denials, not affirmative defenses. See Id., Sachi v. Labor Ready Southeast, Inc., 2010 WL 3259916, at *3 (S.D. Fla. 2010).

**B. Plastination Should Be Ordered To Provide A More Definite Statement**

Affirmative defense number 32 states that if Plaintiffs were damaged, "they were damages by the conduct of persons other than Plastination." As explained above, Rule 8 governs the pleading requirements for affirmative defenses. Number 32 is a bare-bones, conclusory allegation that is so vague and ambiguous that it lacks the requisite specificity required by the Rules. See Premium Leisure, 2008 WL 3927265, at *4 ("If an affirmative defense consists of nothing more than bare-bones allegations, it must be stricken."). This defense does not specify who the other persons are, or what conduct the other "persons" engaged in. See Meitis v. Park Square Enterprises, Inc., 2009 WL 3367335, at *4 (M.D. Fla. 2009) ("Defense is improper because it contains mere conclusory allegations which are totally devoid of any allegations that would put Plaintiff on notice of the factual basis for the legal defense asserted."); Jorge v. Sunnyside Apartments, Inc., 2007 WL 4150956, at *1 (M.D. Fla. 2007) (same).

Affirmative defense number 33 states that the claims are barred because the damages "were caused by intervening or superseding factors and not acts of Plastination." Number 33 is a

bare-bones, conclusory allegation that is so vague and ambiguous that it lacks the requisite specificity required by the Rules. See Premium Leisure, 2008 WL 3927265, at *4 ("If an affirmative defense consists of nothing more than bare-bones allegations, it must be stricken."). This defense does not specify what the intervening or superseding factors are. See Meitis, 2009 WL 3367335, at *4; Jorge, 2007 WL 4150956, at *1.

Affirmative defense number 35 states that "any damages that were suffered by Plaintiffs have not been mitigated." Number 35 is a bare-bones, conclusory allegation that is so vague and ambiguous that it lacks the requisite specificity required by the Rules. See Premium Leisure, 2008 WL 3927265, at *4 ("If an affirmative defense consists of nothing more than bare-bones allegations, it must be stricken."). This defense does not explain how Plaintiffs could have mitigated their damages. See Sachi, 2010 WL 3259916, at *2 (requiring defendant to specify how plaintiff could have mitigated its damages); Meitis, 2009 WL 3367335, at *4; Jorge, 2007 WL 4150956, at *1.

WHEREFORE, Plaintiffs respectfully request that Affirmative Defense numbers (a) 1, 3-5, 10, 11, and 18-31 be stricken or, alternatively, be treated as denials, and not affirmative defenses, and (b) 32, 33 and 35 be stricken as being legally insufficient or, alternatively, be amended to provide a more definite statement.

**CERTIFICATE OF GOOD FAITH**

Pursuant to M.D. Fla. R. 3.01(g), counsel for Plaintiffs has conferred with counsel for Plastination, and counsel for Plastination does not consent to the relief sought in this Motion.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 31, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to

all CM/ECF participants. I further certify that I will mail the foregoing document and the notice of electronic filing by first-class mail to any non-CM/ECF participants.

/s/ Daniel P. Dietrich

William J. Schifino, Jr., Esq.
Florida Bar No. 564338
Daniel P. Dietrich, Esq.
Florida Bar No. 934461
**Williams Schifino Mangione & Steady, P.A.**
201 N. Franklin Street, Suite 3200
Tampa, FL 33602
(813) 221-2626 (telephone)
(813) 221-7335 (facsimile)
e-mail: wschifino@wsmslaw.com
e-mail: ddietrich@wsmslaw.com

Ezra B. Jones III, Esq. (admitted pro hac vice)
**Pendergast & Jones, P.C.**
115 Perimeter Center Place
Suite 1000 South Terraces
Atlanta, GA. 30346
(770) 392-0303 (telephone)
(770) 392-0909 (facsimile)
e-mail: ejones@penderlaw.com

**Attorneys for Plaintiffs**