UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARNIE GELLER, DR. HONGJIN SUI,
DALIAN HOFFEN BIO-TECHNIQUE
CO., LTD., and DALIAN MEDICAL
UNIVERSITY PLASTINATION CO., LTD.,

    Plaintiffs,

v.                                         CASE NO.: 08:10-cv-01688-EAK-AEP

GUNTHER VON HAGENS,
PLASTINATION COMPANY, INC.,
and INSTITUTE FOR PLASTINATION

    Defendants.
_____/

## ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE is before the Court on Defendant, Plastination Company, Inc.'s, Motion for Summary Judgment (Doc. 73) and the response (Doc. 77) in opposition by the Plaintiffs.

## BACKGROUND AND PROCEDURAL HISTORY

Arnie Geller, Dr. Hongjin Sui, Dalian Hoffen Bio-Technique Co. Ltd., and Dalian Medical University Plastination Co., Ltd. (collectively "Plaintiffs") brought suit against Dr. Gunther von Hagens, Plastination Company, Inc. and the Institute for Plastination (collectively "Defendants") pursuant to 28 U.S.C. § 1332, alleging two counts against the Defendants: Count I is for defamation; and Count II is for tortious interference.

The parties to this suit are involved in the business of preserving and exhibiting plastinated bodies. The process of plastination makes it possible to preserve biotic specimens, including organs as well as entire human bodies. Dr. von Hagens, Plastination Company, Inc. ("PCI"), and the Institute for Plastination ("IfP") are involved in the production of "Body Worlds," which is a traveling exhibit showing plastinated bodies. Plaintiff Arnie Geller was President, CEO and Chairman of another company, Premier, which, like Defendant Plastination, was involved in the production and operation of another traveling exhibit showing plastinated bodies – "Bodies ... The Exhibition." Accordingly, Plastination and Premier were each other's competitors.

Both competitors promoted their exhibitions in the state of Florida. The "Body Worlds" exhibition was held in Tampa for six months in 2009. Similarly, "Bodies ... The Exhibition" featured plastinated bodies in museums in Tampa, Miami, and Fort Lauderdale between 2005 and 2008. Further, Premier is a Florida corporation and Plaintiff, Arnie Geller, is a resident of Palm Beach County.

In the Second Amended Complaint (Doc. 48), Plaintiffs allege that von Hagens directed a former employee and agent of the Defendants, Deqiang Sun ("Sun"), to make false statements to an investigative journalist of the television network, ABC; these false statements involved the Plaintiffs' plastination operations. Plaintiffs contend that von Hagens was the source of the false information.

On February 15, 2008, a nationally televised "investigative news story" aired on the ABC program, "20/20," and, the Plaintiffs allege published inflammatory and false statements about Plaintiffs. In their Second Amended Complaint (Doc. 48), Plaintiffs set out six specific and allegedly defamatory statements that were aired on the Broadcast and published on the internet and for which the Defendants are allegedly the source: (1) the bodies for the "Bodies … the Exhibition" were purchased on China's "black market," and were bodies of tortured, abused and executed Chinese prisoners; (2) dealers made "body runs" to the "black market" and purchased bodies which included executed prisoners for approximately $200-300; (3) executed bodies were located in a rotting warehouse in northern China; (4) von Hagens stated it was quite normal that executed prisoners were used for anatomical purposes in China; (5) the bodies were obtained illegally; and (6) the bodies which were either obtained from the "black market" or otherwise illegally obtained were used in "Bodies … the Exhibition."

Plaintiffs allege that these statements were made with the intent to economically harm them. Plaintiffs further maintain that as a result of the statements they have suffered financial damages, and have been injured in their profession, trade and business reputation.

Furthermore, Plaintiffs have alleged that subsequent to the "20/20" broadcast, von Hagens approached various venues at which Plaintiffs had business relationships and were in negotiations, and in an attempt to interfere with the business relationships, provided each with false information relating to

the origin of the bodies displayed in "Bodies ... the Exhibition." Plaintiffs allege that as a result of the Defendants' actions, Plaintiffs have been damaged as certain venues decided not to continue their business relationships with the Plaintiffs.

Defendant PCI now moves this Court for entry of summary judgment in its favor as to all counts in the Second Amended Complaint (Doc. 48) pursuant to Federal Rule of Civil Procedure 56. PCI asserts that, as a matter of law, Plaintiffs' defamation claim is barred because the allegedly defamatory statements upon which the Plaintiffs base their claim are no longer actionable. Specifically, PCI alleges that when the Plaintiffs filed their complaint on February 15, 2010, the applicable two-year limitations period for defamation had already run. PCI further asserts that Florida's single cause of action rule bars Plaintiffs' tortious interference claim as a matter of law because that claim is based upon the same allegedly defamatory statements supporting the failed defamation claim. In their response (Doc. 77), Plaintiffs argue that the statute of limitations has in fact not run on their defamation claim. Plaintiffs further contend that Florida's single cause of action rule does not bar the Plaintiffs' tortious interference claim since that claim is based on different facts than the defamation claim.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 provides that summary judgment shall be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine

issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. <u>Id</u>. at 248.

When a party fails to make a showing sufficient to establish the existence of an element to the party's case, and on which that party will bear the burden of proof at trial, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all the other facts immaterial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). "The moving party is 'entitled to judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." <u>Id</u>. at 323. In ruling on state-law claims, such as the defamation and tortious interference disputes at issue in the case at bar, the Court must follow state – that is, Florida – law. <u>Erie R.R. v. Tompkins</u>, 304 U.S. 64, 78 (1938).

## DISCUSSION

### 1. Count I: Defamation

PCI argues that summary judgment is appropriate on the Plaintiffs' defamation claim because that claim is time-barred. The statute of limitations to bring a defamation claim is two years. Fla. Stat. § 4(g) (2010). This limitations period begins to run when the cause of action accrues. Fla. Stat. § 95.031

5

(2010). Specifically, Florida Statute 770.07 (2010) states that "[t]he cause of action for defamation for a single publication or exhibition or utterance ... shall be deemed to have accrued at the time of the first publication or exhibition or utterance thereof in this state."

For its argument that the Plaintiffs' defamation claim is time-barred, PCI primarily relies on <u>Wagner v. Flanagan</u>, 629 So.2d 113 (Fla. 1994). In <u>Wagner</u>, the plaintiff argued that because he did not learn of the alleged defamation until six months after the publication, the statute of limitations period should run from the time of discovery, not publication. <u>Id</u>. at 114. However, the Court found that the case was controlled by the plain language of Florida Statute 770.07. <u>Id</u>. Thus, since the plaintiff had filed suit more than two years after the publication of the defamation, his suit was time-barred, regardless of the timing of his discovery of the defamation. "To rule otherwise would allow potentially endless liability since Florida Statutes contains no statute of repose for this particular tort." <u>Id</u>. at 115.

In the present case, Plaintiffs' defamation claim is based on the statements aired on the February 15, 2008 episode of "20/20." Accordingly, the Plaintiffs filed their complaint on February 15, 2010 – within two years of the broadcast and in accordance with Fla. Stat. § 4(g) (2010). PCI, contends, however, that the initial publication of the defamatory statements occurred well before the airing of the "20/20" broadcast; it asserts that the publication occurred when the alleged speakers of the defamatory statements at issue initially made those statements to ABC's journalists in December of 2007 and January of 2008.

According to the Second Amended Complaint (Doc. 48), these initial meetings with the journalists occurred in von Hagens' apartment in China. Thus, PCI argues, pursuant to the holding in Wagner, that although the Plaintiffs may have filed their complaint within two years of the Plaintiffs' discovery of the defamatory statements, their filing was untimely since the publication of the statements occurred more than two years before the filing of the complaint.

In response, Plaintiffs correctly assert that the plain language interpretation of Florida Statute 770.07, used in Wagner, which calls for accrual of the claim at the first publication, also indicates that the publication must occur "in this state." Thus, Plaintiffs contend that although the alleged speakers of the defamatory statements initially made the statements to ABC journalists outside of the United States, the first publication that occurred "in this state" was the "20/20" national broadcast. This Court has found that the plain meaning of the applicable Florida statutes controls defamation cases. Hendricks v. Rambosk, No. 2:10-CV-526-FtM-29DNF, 2011 WL 1429646, at *7 (M.D. Fla. April 14, 2011) (finding a defamation suit time-barred pursuant to Florida law when strictly interpreting the plain meaning of Florida Statute 770.07). There is no reason to find that by strictly interpreting Florida Statute 770.07, accrual of a defamation claim begins at its "first publication" without also holding that the defamation must occur "in this state." Thus, because the alleged defamatory statements for which the Plaintiffs contend the Defendants are responsible were first published in the state of Florida on the February 15, 2008 broadcast of "20/20," the Plaintiffs' claim falls

within the two-year period of limitation and is not time-barred. Therefore, this Court must deny PCI's motion for Summary Judgment as to Count I, defamation.

### 2. Count II: Tortious Interference

PCI further argues that summary judgment is appropriate on the Plaintiffs' tortious interference claim pursuant to Florida's single cause of action rule. The single cause of action rule on which PCI relies is designed to prohibit a plaintiff from making an end-run around a valid defense to a defamation claim "by simply renaming the cause of action" and asserting another claim based on the same defamatory statements. Fridovich v. Fridovich, 598 So. 2d 65, 69 (Fla. 1992) (holding that successful invocation of a defamation privilege precluded a cause of action for intentional infliction of emotional distress when the sole basis for the latter cause of action was the defamatory publication). PCI contends that the allegedly defamatory statements that form the defamation claim also form the basis of the tortious interference claim and should thus be rejected by the single cause of action rule.

In response, Plaintiffs illustrate that the purpose of the single cause of action rule is to prevent a party from circumventing a valid defense by recasting the same set of facts into a different cause of action. Callaway Land & Cattle Co., Inc. v. Banyon Lakes C. Corp., 831 So.2d 204, 208 (Fla. 4th Dist. Ct. App. 2002). Plaintiffs assert that, here, the single cause of action rule is inapplicable since the two-year statute of limitations is not a valid defense to the defamation claim, because the defamation claim was filed within two years of the alleged defamatory statements' first publication in Florida.

Plaintiffs further contend that Count II is not simply a restatement of the defamation claim and is based on different conduct than Count I. In their response (Doc. 77), Plaintiffs point to separate conduct allegedly engaged in by the Defendants that supports Count II. This conduct, cited from the Second Amended Complaint (Doc. 48), alleges, among other things, that Defendants approached various venues at which Plaintiffs had business relationships and were in negotiations, and in an attempt to interfere with the business relationships, Defendants provided each venue with false information relating to the origin of the bodies displayed in "Bodies ... the Exhibition."

The Eleventh Circuit has held that in reviewing a motion for summary judgment, the Court must view the evidence and all factual inferences in the light most favorable to the non-moving party, and all reasonable doubts about the facts are resolved in the favor of the non-movant. <u>Dadeland Depot, Inc. v. St. Paul Fire and Marine Ins. Co.</u>, 483 F.3d 1265, 1268 (11th Cir. 2007). Thus, at this stage of the proceedings, viewing the allegations in the Second Amended Complaint (Doc. 48) in the light most favorable to the Plaintiffs, this Court finds sufficient evidence that Plaintiffs' tortious interference claim is not simply a restatement of the defamation claim but is based on separate conduct engaged in by the Defendants. Therefore, this Court must also deny PCI's motion for Summary Judgment as to Count II, tortious interference. Accordingly it is:

**ORDERED** that PCI's Federal Rule of Civil Procedure 56 Motion for Summary Judgment (Doc. 73) be **DENIED** for both counts and the Defendant is directed to answer the complaint within ten days of this order.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 13th day of June, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT COURT JUDGE

Copies to: All parties and counsel of record.