UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARNIE GELLER, DR. HONGJIN SUI,
DALIAN HOFFEN BIO-TECHNIQUE
CO., LTD., and DALIAN MEDICAL
UNIVERSITY PLASTINATION CO., LTD.,

    Plaintiffs,

v.　　　　　　　　　　　　　　　　　CASE NO.: 08:10-cv-01688-EAK-AEP

GUNTHER VON HAGENS,
PLASTINATION COMPANY, INC.,
and INSTITUTE FOR PLASTINATION,

    Defendants.
_____/

## ORDER ON PLAINTIFFS' MOTIONS

THIS CAUSE comes before the Court pursuant to a Motion to Strike and a Motion for a More Definite Statement (Doc. 61) filed by the Plaintiffs, and the Defendants' response in opposition (Doc. 63).

## BACKGROUND AND PROCEDURAL HISTORY

Arnie Geller, Dr. Hongjin Sui, Dalian Hoffen Bio-Technique Co. Ltd., and Dalian Medical University Plastination Co., Ltd. (collectively "Plaintiffs") brought suit against Dr. Gunther von Hagens, Plastination Company, Inc. and the Institute for Plastination (collectively "Defendants") pursuant to 28 U.S.C. § 1332, alleging two counts against the Defendants: Count I is for defamation; and Count II is for tortious interference.

The parties to this suit are involved in the business of preserving and exhibiting plastinated bodies. The process of plastination makes it possible to preserve biotic specimens, including organs as well as entire human bodies. Dr. von Hagens, Plastination Company, Inc. ("PCI"), and the Institute for Plastination ("IfP") are involved in the production of "Body Worlds," which is a traveling exhibit showing plastinated bodies. Plaintiff Arnie Geller was President, CEO and Chairman of another company, Premier, which, like Defendant Plastination, was involved in the production and operation of another traveling exhibit showing plastinated bodies – "Bodies ... The Exhibition." Accordingly, Plastination and Premier were each other's competitors.

In the Second Amended Complaint (Doc. 48), Plaintiffs allege that von Hagens directed a former employee and agent of the Defendants, Deqiang Sun ("Sun"), to make false statements to an investigative journalist of the television network, ABC; these false statements involved the Plaintiffs' plastination operations. Plaintiffs contend that von Hagens was the source of the false information.

On February 15, 2008, a nationally televised "investigative news story" aired on the ABC program, "20/20," and, the Plaintiffs allege published inflammatory and false statements about Plaintiffs. In their Second Amended Complaint (Doc. 48), Plaintiffs set out six specific and allegedly defamatory statements that were aired on the Broadcast and published on the internet and for which the Defendants are allegedly the source: (1) the bodies for the "Bodies ... the Exhibition" were purchased on China's "black market," and were bodies of

tortured, abused and executed Chinese prisoners; (2) dealers made "body runs" to the "black market" and purchased bodies which included executed prisoners for approximately $200-300; (3) executed bodies were located in a rotting warehouse in northern China; (4) von Hagens stated it was quite normal that executed prisoners were used for anatomical purposes in China; (5) the bodies were obtained illegally; and (6) the bodies which were either obtained from the "black market" or otherwise illegally obtained were used in "Bodies ... the Exhibition."

Plaintiffs allege that these statements were made with the intent to economically harm them. Plaintiffs further maintain that as a result of the statements they have suffered financial damages, and have been injured in their profession, trade and business reputation.

Furthermore, Plaintiffs have alleged that subsequent to the "20/20" broadcast, von Hagens approached various venues at which Plaintiffs had business relationships and were in negotiations, and in an attempt to interfere with the business relationships, provided each with false information relating to the origin of the bodies displayed in "Bodies ... the Exhibition." Plaintiffs allege that as a result of the Defendants' actions, Plaintiffs have been damaged as certain venues decided not to continue their business relationships with the Plaintiffs.

In their answer (Doc. 54), Defendants raise a number of affirmative defenses to both Counts I and II of Plaintiffs' Second Amended Complaint (Doc. 48). Now, before this Court, Plaintiffs contend that the Defendants' affirmative

defense numbers 1, 3-5, 10, 11, and 18-31 are not sufficient affirmative defenses, and conversely, are merely denials of the claims in the complaint, or elements of the claims. Accordingly, Plaintiffs request that these purported affirmative defenses be either stricken or treated as denials. Further, Plaintiffs assert that Defendants' affirmative defense numbers 32, 33, and 35 are also insufficient because they fail to allege supporting facts. Plaintiffs request that this Court either strike affirmative defense numbers 32, 33, and 35 or order the Defendants to provide more definite statements. In their response, Defendants argue that their affirmative defenses are sufficiently pled, are directly related to Plaintiffs' claims, and are not prejudicial to the Plaintiffs; thus, the Defendants assert that the relief sought by the Plaintiffs should be denied.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(f) provides that, upon motion, the court may order stricken from a pleading an insufficient defense or an immaterial matter. However, a court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party. Poston v. American President Lines, Ltd., 452 F.Supp. 568, 570 (S.D. Fla. 1978); Augustus v. Board of Public Instruction, 306 F.2d 862, 868 (5th Cir. 1962). There are no hard and fast rules for determining what constitutes an insufficient defense. An affirmative defense will be held insufficient as a matter of law only if it appears that the defendant cannot succeed under any set of facts which it could prove. Equal Employment Opportunity Comm'n v. First Nat'l Bank, 614

F.2d 1004, 1008 (5th Cir. 1980), cert. denied, 450 U.S. 917, 101 S.Ct. 1361, 67 L.Ed.2d 342 (1981). To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is "sufficient" and may survive a motion to strike, particularly when there is no showing of prejudice to the movant. Augustus, 306 F.2d at 868.

## DISCUSSION

### 1. Affirmative Defense Numbers: 1, 3-5, 10, 11, and 18-31

Plaintiffs argue that affirmative defense numbers 1, 3-5, 10, 11, and 18-31 are not sufficient and should either be stricken or, alternatively, should be viewed by this Court as denials rather than as affirmative defenses. In their motion, Plaintiffs primarily rely on Rosada v. John Wieland Homes and Neighborhoods, Inc., No. 3:09-cv-656-J-20MCR, 2010 WL 1249841 (M.D. Fla. Mar. 25, 2010).

In Rosada, this Court found that the defendant's affirmative defense: "[the plaintiff's] complaint fails to state a cause of action upon which relief can be granted" was insufficient because it simply alleged a defect in the plaintiff's claim. Rosada, 2010 WL 1249841, at *2. As a remedy, rather than striking the affirmative defense, the Rosada court treated the defendant's affirmative defense as a specific denial. Id. This Court held that "when a party incorrectly labels a 'negative averment as an affirmative defense rather than as a specific denial[,] ... the proper remedy is not [to] strike the claim, but rather to treat [it] as a specific denial.'" Id. (quoting Home Mgmt. Solutions, Inc. v Prescient, Inc., No. 07-20608-CIV, 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007).

5

Defendants similarly rely on this Court's holding in Rosada. Defendants assert that the remedy used in Rosada should also be used in this case. Particularly, Defendants contend that if this Court finds that their affirmative defenses are insufficient, it not should strike them, but rather treat them as specific denials.

The Eleventh Circuit has held that an affirmative defense should raise matters extraneous to the plaintiff's prima facie case. In re Rawson Food Serv., Inc., 846 F.2d 1343, 1349 (11th Cir. 1988) (quoting Ford Motor Co. v. Transport Indemnity Co., 795 F.2d 538, 546 (6th Cir. 1986)). Thus, a defense which simply points out a defect in a plaintiff's prima facie case is not an affirmative defense. Id. (Holding that where "possession" is a required element of a prima facie case for reclamation, a debtor's assertion of "lack of possession," was not an affirmative defense since the assertion merely pointed out a defect in the seller's case). In the present case, Defendants' affirmative defense number 1 asserts that "Plaintiffs' Second Amended Complaint is barred because it fails to state a claim upon which relief may be granted." This assertion merely points out a defect in the Plaintiffs' claim and pursuant to Rosada and Rawson is not a sufficient affirmative defense. Similarly, Defendants' affirmative defense numbers 3-5, 10, and 11 each illustrate a defect in the Plaintiffs' prima facie case for defamation and are also not sufficiently pled affirmative defenses. Finally, Defendants' affirmative defense numbers 18-31 similarly illustrate defects in the Plaintiffs' prima facie case for tortious interference and are thus not sufficient affirmative defenses.

Therefore, because Defendants' affirmative defense numbers 1, 3-5, 10, 11, and 18-31 each simply illustrate defects in Count I and II of the Plaintiffs' Second Amended Complaint (Doc. 48), they are not sufficiently pled affirmative defenses pursuant to relevant case law. Accordingly, as a remedy, this Court will treat the Defendants' assertions as specific denials rather than striking them. Thus, Plaintiffs motion for this Court to treat affirmative defense numbers 1, 3-5, 10, 11, and 18-31 as specific denials rather than affirmative defenses is **GRANTED**.

### 2. Affirmative Defense Numbers: 32, 33, and 35

Plaintiffs further contend that affirmative defense numbers 32, 33, and 35 are also not sufficient and should be either stricken or, alternatively, amended to provide a more definite statement. Specifically, Plaintiffs contend that affirmative defense numbers 32, 33, and 35 are simply bare-bones, conclusory allegations and lack the requisite specificity required by the Federal Rule of Civil Procedure 8(a).

Affirmative defense number 32 asserts that "if Plaintiffs were damaged . . . they were damaged by the conduct of persons other than Plastination." In their response to the Plaintiffs' motion, Defendants correctly rely on Rosada v. John Wieland Homes and Neighborhoods, Inc.. In Rosada, one of the defenses sought to be stricken was: "Plaintiffs' damages were caused by the negligence of other persons or entities." Rosada, 2010 WL 1249841, at *4. There, the plaintiffs asserted that the failure to identify the "other persons or entities" made the affirmative defense insufficient. Id. The Rosada court held that the "failure to

'identify any third parties by name' does not prevent an affirmative defense from 'adequately put[ting a party] on notice that third parties may be at fault.'" Id. (quoting Goodbys Creek, LLC v. Arch Ins. Co., No. 3:07-CV-947, 2009 WL 1139572, at *2 (M.D. Fla. Apr. 27, 2009)). Similarly, in the present case, affirmative defense number 32 adequately places the Plaintiffs on notice of other possible parties that may be at fault. Thus, affirmative defense number 32 is sufficient and will not be stricken, nor will a more definite statement be required.

Affirmative defense numbers 33 and 35 are also sufficiently pled. Affirmative defense number 33 asserts that "damages . . . were caused by intervening or superseding factors and not acts of Plastination;" number 35 asserts that "any damages that were suffered by Plaintiffs have not been mitigated." This Court has found that "a motion for a more definite statement will only be required when the pleading is "so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." Campbell v. Miller, 836 F. Supp. 827, 832 (M.D. Fla. 1993) (quoting Delta Education, Inc. v. Langois, 719 F. Supp. 42, 50 (D.N.H. 1989)). Further, the "narrowing down of the allegation to certain specific instances is a task to be undertaken through discovery. A motion for a more definite statement is not a substitute for discovery." Home Mgmt. Solutions, Inc. v. Prescient, Inc., 07-20608-CIV, 2007 WL 2412834 (S.D. Fla. Aug. 21, 2007) (quoting Betancourt v. Marine Cargo Mgmt., Inc., 930 F. Supp. 606, 608 (S.D. Fla. 1996)). Here, the Plaintiffs will have an opportunity to determine the specifics of the Defendants' allegations asserted in affirmative defense numbers 33 and 35 during the

process of discovery. Therefore, affirmative defense numbers 33 and 35 are sufficient and will not be stricken, nor will a more definite statement be required.

Accordingly, Defendants' affirmative defense numbers 32, 33, and 35 are sufficiently pled and the Plaintiffs' motion to have these defenses stricken or, alternatively, amended to provide a more definite statement is **DENIED**. Accordingly, it is:

**ORDERED** that the Plaintiffs' Motion to Strike Defendants' affirmative defenses (Doc. 61) is **GRANTED IN PART** and **DENIED IN PART** as set out above.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 29th day of June, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.