UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARNIE GELLER, DR. HONGJIN SUI,
DALIAN HOFFEN BIO-TECHNIQUE
CO., LTD., and DALIAN MEDICAL
UNIVERSITY PLASTINATION CO., LTD.,

    Plaintiffs,

v.                                    CASE NO.: 08:10-cv-01688-EAK-AEP

GUNTHER VON HAGENS,
PLASTINATION COMPANY, INC.,
and INSTITUTE FOR PLASTINATION,

    Defendants.
_____/

## ORDER ON DEFENDANT'S MOTION

THIS CAUSE comes before the Court pursuant to a Motion for Reconsideration (Doc. 97) filed by Defendant, Plastination Company, Inc. (PCI), seeking that this Court reconsider its Order (Doc. 94) which denied PCI's Motion for Summary Judgment (Doc. 73).

## BACKGROUND

PCI filed its Motion for Summary Judgment (Doc. 73) on March 4, 2011. In it, PCI sought summary judgment on two grounds. First, that Plaintiffs' defamation claim was barred by Florida's two-year statute of limitation for defamation, Fla. Stat. § 95.11 4(g) (2010). Second, PCI argued that Florida's single cause of action rule barred Plaintiffs' other cause of action for tortious

interference. This Court denied the motion on both grounds. PCI now seeks reconsideration on this Court's ruling on the statute of limitations issue.

## STANDARD OF REVIEW

The decision of whether to grant or deny a motion for reconsideration is discretionary. Am. Home Assur. Co. v. Glenn Estess & Associates, Inc., 763 F.2d 1237, 1238-39 (11th Cir. 1985). This Court will not alter or amend a prior decision without a showing of "clear and obvious error where the 'interests of justice' demand correction." Prudential Sec., Inc. v. Emerson, 919 F. Supp. 415, 417 (M.D. Fla. 1996) (quoting Am. Home Assur. Co. v. Glenn Estess & Associates, Inc., 763 F.2d 1237, 1239 (11th Cir. 1985)). Motions for reconsideration should not be used "to raise arguments, which could and should have been made earlier." Lussier v. Dugger, 904 F.2d 661, 667 (11th Cir. 1990). The reconsideration of a previous order is an "extraordinary remedy" and "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Ludwig v. Liberty Mut. Fire Ins. Co., 8:03CV2378-T-17-MAP, 2005 WL 1053691 at *3 (M.D. Fla. Mar. 30, 2005).

There are three major grounds for granting a motion for reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994). However, a motion to alter or amend a judgment must demonstrate why the court should reconsider its prior decision and "set forth facts or law of a strongly convincing

nature to induce the court to reverse its prior decision." Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294, 294 (M.D. Fla. 1993).

## DISCUSSION

The statute of limitations to bring a defamation claim in Florida is two years. Fla. Stat. § 95.11 4(g) (2010). This limitations period begins to run when the cause of action accrues. Fla. Stat. § 95.031 (2010). Specifically, Fla. Stat. 770.07 (2010) reads: "The cause of action for damages founded upon a single publication or exhibition or utterance . . . shall be deemed to have accrued at the time of the first publication or exhibition or utterance thereof in this state." Accordingly, the Florida Supreme Court has held that a plain language interpretation should be used in the application of Fla. Stat. § 770.07. Wagner v. Flanagan, 629 So.2d 113, 114 (Fla. 1994) (holding that accrual of a cause of action begins at the publication rather than the discovery of defamatory statements).

In its motion for reconsideration (Doc. 97), PCI establishes the following as undisputed: (1) that "any statements made to ABC by either co-Defendant Dr. Gunther von Hagens . . . or non-party Sun Dequiang were made before February 15, 2008 and that any such statements were made in either Germany or China, not Florida;" and (2) that "the allegedly defamatory statements which underlie Plaintiffs' Complaint were circulated in Florida for the first time by ABC, not by any of the Defendants, on February 15, 2008." In it's Motion for Summary Judgment (Doc. 73), PCI argued that the publication of the defamatory statements at issue were made before the airing of the ABC broadcast, thereby

3

time-barring the defamation claim brought by the Plaintiffs in their February 15, 2010 complaint. In the Order denying PCI's Motion for Summary Judgment (Doc. 94), this Court found that by applying <u>Wagner's</u> plain language interpretation of Fla. Stat. § 770.07, the accrual of the cause of action for Plaintiffs' defamation claim would not begin until the first publication of the allegedly defamatory statements "in this state." Because the first publication of the defamatory statements "in this state" occurred during the ABC broadcast on February 15, 2008, they fell within the two-year period of limitation called for by Fla. Stat. § 95.11 4(g), and thus Plaintiffs' February 15, 2010 complaint was not time-barred.

In it's Motion for Reconsideration (Doc. 97), PCI takes issue with this Court's interpretation of Fla. Stat. § 770.07. Specifically, PCI attempts to construe the "single publication or exhibition or utterance" language of the statute in such a way that the statute's language would not encompass the defamatory statements allegedly made by the defendants and their agents. Florida courts, however, have sufficiently defined "publication." "Publication is sufficiently accomplished . . . by the communication of the slander to only one person other than the person defamed." <u>Fiore v. Rogero</u>, 144 So. 2d 99, 102 (Fla. Dist. Ct. App. 1962) (citing <u>Burnham v. State</u>, 37 Fla. 327, 328, 20 So. 548, 549 (1896)). Thus, in the present case, Fla. Stat. § 770.07's "publication" element was met both (1) when co-Defendant von Hagens and Sun Dequiang allegedly made the defamatory statements to ABC journalists while outside of the United States and (2) when the ABC broadcast aired on February 15, 2008 during which the

Defendants' allegedly defamatory statements were first circulated in Florida. However, Fla. Stat. § 770.07 calls for accrual of the cause of action "at the time of the first publication . . . thereof in this state." Therefore, in the present case, the first publication of the defamatory statements "in this state" occurred during the ABC broadcast of the defamatory statements of which the Defendants are allegedly the source. Because the broadcast occurred within the two-year window expressed in Fla. Stat. § 95.11 4(g) (2010), the Plaintiffs' claim for defamation was timely.

Next, PCI argues that by strictly interpreting the "in this state" language, the result in this case is that no cause of action has ever accrued against Plastination or its co-Defendants in Florida because they have not published any of the defamatory statements in Florida. Instead, PCI claims, a cause of action accrued against ABC, but not the Defendants, because it was ABC's broadcast that was an exhibition "in this state." This is also misguided. Florida courts have held that "[E]very one who takes part in the publication ... is charged with publication." Doe v. Am. Online, Inc., 783 So. 2d 1010, 1017 (Fla. 2001). Further, every repetition of a defamatory statement is considered a publication. Id. Thus, when the Defendants allegedly made the defamatory statements to ABC journalists, they took part in the ultimate publication of the ABC broadcast and are therefore charged with that publication. Since the publication of the ABC broadcast that aired in Florida occurred within the two-year window expressed in Fla. Stat. § 95.11 4(g) (2010), the Plaintiffs' claim for defamation was timely.

With regard to statutory interpretation, Florida courts have held that "Courts must avoid any construction of a statute that would produce an unreasonable . . . consequence." E.M.A. v. Dep't of Children & Families, 795 So. 2d 183, 188 (Fla. Dist. Ct. App. 2001) (quoting In Interest of J. L. P., 416 So. 2d 1250, 1252 (Fla. Dist. Ct. App. 1982)). Permitting the Defendants to avoid accrual of a cause of action for defamation because the defamatory statements they allegedly made to the ultimate publisher were made during a meeting that took place overseas would bring about unreasonable consequences. Such an interpretation would allow the sources of defamatory statements, that are ultimately published in Florida, to avoid liability for those statements simply by making them to the ultimate publisher while being outside of the state. It is unlikely that the legislature intended such consequences. Accordingly it is:

**ORDERED** that PCI's Motion for Reconsideration (Doc. 97) is **DENIED**.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 29th day of June, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.