UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARNIE GELLER, DR. HONGJIN SUI,
DALIAN HOFFEN BIO-TECHNIQUE
CO., LTD., and DALIAN MEDICAL
UNIVERSITY PLASTINATION CO., LTD.,

    Plaintiffs

v.                              CASE NO.: 08:10-cv-01688-EAK-AEP

GUNTHER VON HAGENS,
PLASTINATION COMPANY, INC.,
and INSTITUTE FOR PLASTINATION

    Defendants.
_____/

## ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE SECOND AMENDED COMPLAINT AND DENYING DEFENDANTS' MOTIONS FOR PARTIAL SUMMARY JUDGMENT

**THIS CAUSE** is before the Court on PLAINTIFFS', ARNIE GELLER (hereafter "GELLER"), DR. HONGJIN SUI (hereafter "SUI"), and DALIAN HOFFMEN BIO-TECHNIQUE CO., LTD. (hereafter "DMU"), Motion for Leave to Amend the Second Amended Complaint and Incorporated Memorandum of Law (Dkt. 147), Defendant's Dispositive Motion for Partial Summary Judgment Against Plaintiffs Hongjin Sui and Dalian Hoffen Bio-Technique Co., Ltd., and Supporting Memorandum of Law (Dkt. 122), and also to consider Defendant's Dispositive Motion for Partial Summary Judgment and Supporting Memorandum of Law (Dkt. 165). For the reasons outlined below, Plaintiff's Motion for Leave to Amend will be **GRANTED** and Defendants' Motions for Partial Summary Judgment, as well as Defendants' request for Oral Argument, will be **DENIED**.

## PROCEDURAL BACKGROUND

The Plaintiffs commenced this adversary proceeding by filing this lawsuit in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. Plaintiffs' complaint did not

request punitive damages in their complaint. On July 29, 2010, GUNTHER VON HAGENS, PLASTINATION COMPANY, INC., and INSTITUTE FOR PLASTINATION (hereafter, collectively, "DEFENDANTS") removed this case to the Middle District of Florida, Tampa Division, on the basis of diversity of citizenship. Plaintiffs have previously amended their complaint to add a claim for tortuous interference, remove their claim for civil conspiracy, and add additional factual allegations with respect to the counts.

Defendants have filed two partial motions for summary judgment pursuant to Fed. R. Civ. P. 56, both regarding Count I of Plaintiff's Second Amended Complaint. On August 5, 2011, Defendants filed a Dispositive Motion for Partial Summary Judgment and Supporting Memorandum of Law. Defendants argue that the defamation claim asserted in Count I of the Second Amended Complaint fails because Plaintiffs SUI and DMU have previously filed a defamation lawsuit in the People's Republic of China and are, therefore, barred under Florida law from pursuing their defamation claim in Florida.

Defendants filed a Dispositive Motion for Partial Summary Judgment Against Plaintiffs SUI and Dalian Hoffen Bio-Technique Co., Ltd., and Supporting Memorandum of Law on November 15, 2011. Defendants argue that Count I of the Second Amended Complaint purports to assert a claim for defamation based on statements made by Harry Wu, a non-party, whom Plaintiffs have already sued for defamation based on the same statements. Defendants argue that Florida law bars Defendants from bringing a defamation claim on the same statements, as Count I allegedly purports to do in the instant suit, and that Count I should be dismissed with prejudice.

On September 29, 2011, Plaintiffs filed a Motion for Leave to Amend the Second Amended Complaint and Incorporated Memorandum of Law pursuant to Fed. R. Civ. P. 15(a) to add a claim for punitive damages and tortuous interference as well as a count for false advertising under §43 of the Lanham Act, 15 U.S.C.A. §1125.

## FACTUAL BACKGROUND

The following factual allegations derive from Plaintiff's Second Amended Complaint, filed December 3, 2010 and are accepted as true for purposes of resolving the relevant motions. Plaintiffs and Defendants are or were competitors in the field of body plastination, which involves the preservation of bodies for educational and instructional purposes. (¶¶ 15, 17). Plaintiffs and Defendants supplied body specimens to traveling exhibits. (¶ 25-26). Plaintiffs provided the body specimens for a traveling exhibit called the "Bodies Exhibition." (¶26).

Plaintiffs allege that Defendant engaged in conduct aimed at preventing the opening, or decreasing the success, of the Body Exhibition. (¶¶ 23, 34) Defendants' conduct allegedly includes, *inter alia*, the preparation of letters protesting the exhibit and the dissemination to the media of fabricated stories regarding the origin of the body specimens. (¶¶ 31, 51, 68, 78). The stories were allegedly based on false and defamatory information, including that the Plaintiffs were part of the "body black market," the bodies were obtained illegally, and the bodies were those of executed Chinese prisoners. (¶¶105-116). Plaintiffs allege that they have suffered financial damages and injury to their profession, trade and business reputation as a result of Defendants' statements and actions. (¶124).

## DISCUSSION

### A. Leave to Amend

Here, Plaintiffs seek leave to amend their Second Amended Complaint to add a) a claim for punitive damages to their defamation and tortuous interference counts and b) a count for false advertising. A party may amend her complaint after a responsive pleading is served only by leave of court or by written consent of the adverse party. *See* Fed.R.Civ.P. 15(a)(2). Where a party's motion to amend is filed after the deadline for such motions, as delineated in the court's scheduling order, the party must show good cause why leave to amend the complaint should be granted. Fed. R. Civ. P. 16(b). A court does not abuse its discretion in denying a motion to amend when the amendment would prejudice the defendant, follows undue delays, or is futile. *See Maynard v. Board of Regents*, 342 F. 3d 1281, 1286-87 (11th Cir. 2003).

In this case, there is no indication in the record that the Plaintiff's request to amend its Second Amended Complaint is the product of bad faith or any improper motive. Further, there is no history in this case of the Plaintiff's failure to comply with prior orders or disregard for the Court's procedures.

At issue is whether the proposed amendments may be denied for futility. A proposed amendment may be denied for futility when the complaint, as amended, could not withstand a motion to dismiss. *Coventry First, LLC v. McCarty*, 605, F. 3d 865, 870 (11th Cir. 2010)(*Citing Cockrell v. Sparks*, 510 F. 3d 1307, 1310 (11th Cir. 2007)).

Regarding Plaintiffs' request for leave to add a claim for punitive damages, it is well settled that a plaintiff may seek punitive damages in a defamation action. *Lee v. Security Check,*

*LLC*, 2009 WL 2044687, at *2 (M.D. Fla. July 10, 2009)(*Citing Dun & Bradstreet, Inc. V. Greenmoss Builders, Inc.*, 472 U.S. 749 (1979)). Adding a claim for punitive damages to Plaintiffs' defamation and tortuous interference counts would not be "futile" under Fed. R. Civ. P. 15(a) and should not be disallowed on that basis.

Plaintiffs also seek leave to add a claim alleging that Defendants' actions violated Section 43 of the Lanham Act, §1125(a)(1)(B) through false advertising. First, the Court must determine whether Sec. 43(a) applies. Section 43(a) reaches only to false statements that occur in "commercial advertising or promotion." 15 U.S.C. §1125(a)(1)(B). "To be actionable under the Lanham Act, the speech at issue must be commercial in nature." *Futuristic Fences, Inc. v. Illusion Fence, Corp.*, 558 F. Supp. 2d 1270, 1279 (S.D. Fla. 2008). At least three district courts in the Eleventh Circuit have applied the four-part test set forth in *Gordon & Breach Science Publishers, S.A. v. America Institute of Physics*, 859 F.Supp. 1521, 1535–36 (S.D.N.Y.1994) to determine whether a statement is commercial advertising or promotion. *See Futuristic Fences*, 558 F.Supp.2d at 1279; *Alphamed Pharms. Corp. v. Arriva Pharms., Inc.*, 391 F.Supp.2d 1148, 1164 (S.D.Fla.2005); *Optimum Techs., Inc. v. Home Depot USA, Inc.*, No. 1:04–cv–3260–TWT, 2005 WL 3307508, at *5 (N.D.Ga. Dec.2, 2005).

Under the *Gordon & Breach* test, a false statement constitutes commercial advertising or promotion where the statement is:

(1) commercial speech; (2) by a defendant who is in commercial competition with plaintiff; (3) for the purpose of influencing consumers to buy defendant's goods or services. While the representations need not be made in a "classical advertising campaign," but may consist instead of more informal types of "promotion," the representations (4) must be disseminated sufficiently to the relevant purchasing public to constitute "advertising" or "promotion" within that industry. *Gordon & Breach*, 859 F.Supp. at 1536–37.

Because the alleged statements meet all four elements of the *Gordon & Breach* test, the alleged statements occurred in the course of commercial advertising or promotion and Sec. 43(a) applies.

Accordingly, Plaintiffs' Motion for Leave to Amend the Second Amended Complaint should be **GRANTED**.

## B. Motions for Partial Summary Judgment

The Court has determined that the Plaintiffs should be permitted to amend their complaint to add a claim for punitive damages and a claim under the Lanham Act. The next issue, therefore, is whether the Defendants are entitled to the entry of partial summary judgment in their favor, on the basis that Plaintiffs' claim for defamation (Count I) is barred as a matter of Florida law.

Federal Rule of Civil Procedure 56 empowers the court to enter summary judgment for unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 327 (1986). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material when, under the substantive governing law, it affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-moving party. *See Fitzpatrick v. City of Atlanta*, 2 F. 3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *See Anderson*, 477 U.S. at 248. But, "[i[f the evidence is merely colorable…or is not significantly probative…summary judgment may be granted." *Id.* at 249-50.

In both Defendants' Dispositive Motion for Partial Summary Judgment and Supporting Memorandum of Law (Dkt. 122-123) and Defendants' Dispositive Motion for Partial Summary Judgment Against Plaintiffs Hongjin Sui and Dalian Hoffen Bio-Technique Co., LTD., and Supporting Memorandum of Law (Dkt. 165), Defendants argue that Florida law bars Plaintiffs from pursuing their defamation claim in Florida. In Defendants' Dispositive Motion for Partial Summary Judgment and Supporting Memorandum of law, Defendants rely in Fla. Stat. Secs. 770.05 and 770.08 to argue that a prior lawsuit filed by Plaintiffs in the People's Republic of China prohibits Plaintiffs from bringing a lawsuit in Florida bawd upon the same single publication. In Defendants' Dispositive Motion for Partial Summary Judgment Against Plaintiffs Hongjin Sui and Dalian Hoffen-Bio-Technique Co., LTD, Defendants argue that Fla. Stat. Sec. 770.05 bars Plaintiffs from filing suit against Defendants based upon statements allegedly made by a non-party, Henry Wu, because Plaintiffs have already sued Wu for defamation based on the same statements.

Both of Defendants' motions for summary judgment fail because neither the policy nor application of Chapter 770 Fla. Stat. indicates that the protection afforded by Chapter 770 Fla. Stat. should be extended to non-media defendants. The purpose of Chap. 770 Fla. Stat. "is to protect the public's interest in the free dissemination of the news." *See Ross v. Gore*, 48 So. 2d 412 (Fla. 1950). Though no case has squarely confronted the issue of whether Fla. Stat. Sec. 770.05 extends to non-media defendants, the Court finds it persuasive that no case construing other sections of Chap. 770 Fla. Stat. has done so.

Further, no application of Fla. Stat. Sec. 770.05 has construed the statute to reflect the meaning proffered by Defendants. Instead, Fla. Stat. Sec. 770.05 has been construed to reflect an intention by the Florida Legislature to limit defamation cases "to only one suit in one chosen venue *to avoid multiple suits upon the one cause of action.*" *Perdue v. Miami Herald Pub. Co.* 291 So. 2d 604, 606 (Fla. 1974) (emphasis added). This limitation has not been interpreted to include limiting plaintiffs from filing suit against different defendants for different conduct, but rather to prevent plaintiffs from filing multiple suits in different venues against the same defendants for the same conduct. Accordingly, it is

**ORDERED** that Plaintiffs' Motion for Leave to Amend the Second Amended Complaint and Incorporated Memorandum of Law be **GRANTED**, Defendants' Dispositive Motion for Partial Summary Judgment and Supporting Memorandum of Law, Defendants' Dispositive Motion for Partial Summary Judgment Against Plaintiffs Hongjin Sui and Dalian Hoffen Bio-Technique Co., LTD., and Supporting Memorandum of Law and Request for Oral Argument be **DENIED**. The amended complaint shall be filed within ten days after the date.

**DONE AND ORDERED** in Chambers at Tampa, Florida this ___ of January, 2012.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record